UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
RICKY W. GRIFFIN,                                              :
                                                               :
                  Plaintiff,                                   :
                                                               :   CASE NUMBER:  05 CV 10475
        v.                                                     :
                                                               :   HONORABLE P. KEVIN CASTEL
TNT INTERNATIONAL EXPRESS, TNT USA                             :
INC.,                                                          :
                                                               :
                  Defendant.                                   :
                                                               :
                                                               :
-------------------------------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**


                            KING PAGANO HARRISON
                            Ira M. Saxe (IS-6051)
                            Stafford A. Woodley, Jr. (SW-0610)
                            75 Rockefeller Plaza
                            New York, New York 10019
                            (212) 223-4000

                            Attorneys for Defendant

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND........................................................2

III.  ARGUMENT AND AUTHORITIES ...............................................................................4

    A.   The Governing Standards ......................................................................................4

    B.   Plaintiff Failed to Commence this Lawsuit Within the Time
        Limit Mandated by Section 706 of Title VII ............................................................4

    C.   The Complaint Should be Dismissed Under Rule 4(m)
        Because Plaintiff Failed to Serve it Within 120 Days of
        Filing ......................................................................................................................5

IV.   CONCLUSION...............................................................................................................10

i

## **TABLE OF AUTHORITIES**

**FEDERAL CASES**

Acosta v. City of New York,
    No. 03 Civ. 1452, 2004 U.S. Dist. LEXIS 5355 (S.D.N.Y.
    Mar. 31, 2004)................................................................................................. 3

Allaire Corp. v. Okumus,
    433 F.3d 248 (2d Cir. 2006).............................................................................. 2

Charles v. New York Police Dep't,
    No. 96 Civ. 9757, 1999 U.S. Dist. LEXIS 14274 (S.D.N.Y.
    Sept. 15, 1999) ................................................................................................. 8

Conklin v. Special Agent "John Doe,"
    No. 01 Civ. 987, 2002 U.S. Dist. LEXIS 2311 (S.D.N.Y.
    Feb. 13, 2002) .................................................................................................. 4

Edwards v. INS,
    59 F.3d 5 (2d Cir. 1995).................................................................................... 8

El'Bey v. USPS,
    No. 03 CV 4081, 2005 U.S. Dist. LEXIS 26685 (S.D.N.Y.
    Oct. 27, 2005) .................................................................................................. 7

Francis v. Elmsford School District,
    442 F.3d 123 (2d Cir. 2006)............................................................................. 5

Geiger v. Allen,
    850 F. 2d 330 (7th Cir. 1988) .......................................................................... 7

National Union Fire Ins. Co. v. Sun,
    No. 93 Civ. 7170, 1994 U.S. Dist. LEXIS 11934 (S.D.N.Y.
    Aug. 25, 1994) ..............................................................................................6-8

Ocasio v. Fashion Institute of Technology,
    86 F. Supp. 2d 371 (S.D.N.Y. 2000), aff'd, 2001 U.S. App.
    LEXIS 9418 (2d Cir. May 15, 2001) ........................................................... 5, 6

Ogbo v. New York State Dep't of Taxation & Finance,
    No. 99 Civ. 9387, 2000 U.S. Dist. LEXIS 12848 (S.D.N.Y.
    Sept. 6, 2000) ................................................................................................... 6

Rivera v. Warden of M.C.C., N.Y.,
    No. 95 Civ. 3779, 2000 U.S. Dist. LEXIS 8212 (S.D.N.Y.
    June 13, 2000).............................................................................................. 7, 8

Ruskin v. TIG Holdings, Inc.,
   No. 98 Civ. 1068, 2000 U.S. Dist. LEXIS 11517 (S.D.N.Y.
   Aug. 14, 2000) ........................................................................................... 4

Sunniland Fruit Co. v. PMI Produce Corp., Inc.,
   No. 00 Civ. 8410, 2001 U.S. Dist. LEXIS 9359 (S.D.N.Y.
   July 6, 2001)......................................................................................... 6, 7

Tillman v. New York State Dep't of Health,
   776 F. Supp. 841 (S.D.N.Y. 1991), aff'd, 963 F.2d 1521
   (2d Cir. 1992).............................................................................................. 7

Toliver v. County of Sullivan,
   841 F.2d 41 (2d Cir. 1988).............................................................................. 5

Vides v. Amelio,
   265 F. Supp. 2d 273 (S.D.N.Y. 2003)............................................................. 4

Zankel v. United States,
   921 F.2d 432 (2d Cir. 1990)........................................................................... 7

**STATUTES**

42 U.S.C. § 2000e et seq......................................................................................... 1-5

42 U.S.C. § 2000e-5(f)(1) ..........................................................................................4

**RULES**

Fed. R. Civ. P. 4(m) ................................................................................... 1, 2, 4, 6-9

Fed. R. Civ. P. 12(b)(5).............................................................................................1

Fed. R. Civ. P. 12(b)(6).....................................................................................1, 2, 4

Defendant TNT USA Inc. ("Defendant" or "TNT"), incorrectly identified in the caption as TNT International Express, TNT USA Inc., submits its Memorandum of Law in support of its motion pursuant to Rule 12(b)(5), Rule 12(b)(6) and Rule 4(m) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint, as follows:

## I.

### PRELIMINARY STATEMENT

Plaintiff Pro Se Ricky W. Griffin ("Plaintiff") was terminated from employment with TNT.  He alleges that he was discharged because of his race, Black, and in retaliation for complaining to TNT management about purported mistreatment that he allegedly suffered in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  Plaintiff failed to file his request to proceed in forma pauperis with the Court's Pro Se Office until more than ninety days after he received his Right to Sue Letter.  Furthermore, the Complaint was not served on TNT until May 16, 2006, more than 120 days after it was filed.

For these reasons, Plaintiff's Complaint is not legally viable, and should be dismissed.  Plaintiff's claims of race discrimination and retaliation under Title VII are not properly before the Court because Plaintiff failed to file his Complaint, or even file a request to proceed in forma pauperis, within the statutory ninety day time period mandated by Title VII. Plaintiff acknowledges in his Complaint that he received his Right to Sue Letter from the United States Equal Employment Opportunity Commission on August 10, 2005.  Yet he did not file his In Forma Pauperis Application until November 10, 2005, ninety-two days later.  Therefore, the Complaint should be dismissed as untimely.

Additionally, Plaintiff failed to timely serve the Complaint on TNT within 120 days of filing, as mandated under Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Plaintiff's Complaint was filed on December 13, 2005.  TNT was not served until

1

May 9, 2006, 147 days later.  Plaintiff has not established – and cannot establish – good cause for this delay.  Plaintiff cannot demonstrate any reason that the Court should exercise its discretion to allow an extension of time for service of a Complaint that was already time barred when it was first served, beyond the Rule 4(m) period.  Therefore, TNT respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

The Complaint asserts that Plaintiff Pro Se Ricky Griffin was employed by TNT, and that on April 2, 2004 TNT terminated his employment.[1]  The Complaint also alleges that Plaintiff was terminated from employment because of his race, Black, in violation of Title VII.[2]  The Complaint further states that Plaintiff's "supervisor at the time (Tom Rollin) acted upon retaliation in violation of the Civil Rights Act of 1964."[3]  On or about April 2, 2004, Plaintiff filed a charge of discrimination ("Charge") against TNT with the New York State Division of Human Rights or the New York City Commission on Human Rights.[4]  By virtue of the applicable Work Sharing Agreement, Plaintiff's Charge was deemed filed with the Equal Employment Opportunity Commission ("EEOC").

---

[1] See Complaint ¶¶ 3-4, attached as Exhibit A to the Declaration of Ira M. Saxe, dated July 27, 2006.  For purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the allegations set forth in the Complaint are assumed to be true.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  Nevertheless, Defendant denies each and every allegation of misconduct vis-à-vis Plaintiff attributed to it in the Complaint and further disputes many of the other factual allegations therein.

[2] See Complaint ¶¶ 4, 7-8.

[3] See id. at ¶ 8.

[4] See id. at ¶ 9.

2

The EEOC issued a Right to Sue Letter that Plaintiff received on August 10, 2005.[5] The Right to Sue Letter advised Plaintiff that the EEOC was closing its file relating to his Charge because, based on its investigation, it was unable to conclude that TNT violated Title VII. This Notice of Suit Rights set forth in the Right to Sue Letter from the EEOC clearly states that Plaintiff had ninety days to file his lawsuit, as follows:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost.[6]

On or about November 10, 2005, Plaintiff filed a request with the Court's Pro Se Office to proceed in forma pauperis in connection with his Complaint.[7] This request was granted and the Complaint was filed on December 13, 2005. Plaintiff has been proceeding with this matter on a pro se basis. Defendant TNT had not received prior notice of this civil action until it received the Summons and Complaint, by mail, accompanied by correspondence dated May 9, 2006, 147 days later, regarding acknowledgment of receipt of service by mail.

---

[5] See id. at ¶ 12.

[6] Dismissal and Notice of Rights to Plaintiff from the EEOC, referred to in and attached to the Complaint (emphasis in original). On a motion to dismiss, the Court may consider documents that are integral to the Complaint of which the plaintiff has notice. Acosta v. City of New York, No. 03 Civ. 1452, 2004 U.S. Dist. LEXIS 5355, *3 (S.D.N.Y. Mar. 31, 2004). The EEOC Dismissal and Notice of Rights is attached to, and referred to in, the Complaint. The In Forma Pauperis Application and Order, served with the Complaint, is part of the Court's records. Therefore, the Notice and the Application may be considered by the Court without converting this motion into one for summary judgment. Id.

[7] See In Forma Pauperis Order attached to the Complaint. Plaintiff requested leave to proceed in forma pauperis as the result of his financial condition.

### III.

### ARGUMENT AND AUTHORITIES

A.  **The Governing Standards**

Motions to dismiss are granted under Fed. R. Civ. P. 12(b)(6) when, even after accepting the factual allegations in a complaint, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief."[8] The Court need not accept a plaintiff's conclusory allegations, however, and such allegations "will not suffice to defeat a motion to dismiss."[9]

As we demonstrate herein, Plaintiff has failed to plead a proper claim for discrimination or retaliation under Title VII. Neither Plaintiff's Complaint nor his application to proceed in forma pauperis were filed within the mandatory ninety-day time period under Title VII. Because this action was not filed in a timely manner, Plaintiff is not entitled to any relief. Furthermore, Plaintiff's Complaint, served 150 days after it was filed, should be dismissed for the additional reason that service of process was not accomplished in a timely manner pursuant to Fed. R. Civ. P. 4(m).

B.  **Plaintiff Failed to Commence this Lawsuit Within the Time Limit Mandated by Section 706 of Title VII**

Plaintiff failed to commence this lawsuit on a timely basis, as required under Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1). This provision, "a prerequisite for a court action under Title VII," authorizes an individual to bring a Title VII lawsuit within ninety days after receiving notice from the EEOC that it is dismissing the individual's charge of

---

[8]     Vides v. Amelio, 265 F. Supp. 2d 273, 274 (S.D.N.Y. 2003); Conklin v. Special Agent "John Doe," No. 01 Civ. 987, 2002 U.S. Dist. LEXIS 2311, *2 (S.D.N.Y. Feb. 13, 2002); Ruskin v. TIG Holdings, Inc., No. 98 Civ. 1068, 2000 U.S. Dist. LEXIS 11517, **8-9 (S.D.N.Y. Aug. 14, 2000).

[9]     Vides, 265 F. Supp. 2d at 275.

4

discrimination.[10] "It is well-established that a claim brought under Title VII . . . must be commenced within 90-days of a grievant's receipt of a right to sue letter."[11]

Plaintiff did not comply with this statutory requirement. Plaintiff states in paragraph 12 of his Complaint that the EEOC "<u>has</u> issued a Right To Sue letter, which [he] received on Aug 10, 2005."[12] The Complaint was not filed until December 13, 2005, well over ninety days after Plaintiff acknowledges that he received the EEOC's Right to Sue Letter. Nor did Plaintiff otherwise act to commence this lawsuit within the statutory ninety-day period. Even if the Court were to toll the ninety-day period to file a Complaint while Plaintiff's request to proceed in forma pauperis was being considered, it would not save the Complaint. Indeed, Plaintiff's request to proceed in forma pauperis was itself untimely. Plaintiff did not file his application to proceed in forma pauperis, also attached to the Complaint, with the Court's Pro Se Office until November 10, 2005, ninety-two days after his receipt of Rights to Sue Letter.[13] Therefore, Plaintiff's Complaint was not timely filed under Title VII, and his lawsuit should be dismissed.[14]

**C.   The Complaint Should be Dismissed Under Rule 4(m) Because Plaintiff Failed to Serve it Within 120 Days of Filing**

Plaintiff's Complaint should also be dismissed as a result of the untimely service of process. Fed. R. Civ. P. Rule 4(m) mandates service of the summons and complaint upon all

---

[10] <u>Francis v. Elmsford School District</u>, 442 F.3d 123, 126-27 (2d Cir. 2006).

[11] <u>Ocasio v. Fashion Institute of Technology</u>, 86 F. Supp. 2d 371, 375 (S.D.N.Y. 2000), <u>aff'd</u>, 2001 U.S. App. LEXIS 9418 (2d Cir. May 15, 2001).

[12] Complaint ¶ 12 (emphasis in original).

[13] <u>See</u> In Forma Pauperis Application attached to the Complaint.

[14] <u>See</u> <u>Francis</u>, 442 F.3d at 128. <u>Accord</u> <u>Toliver v. County of Sullivan</u>, 841 F.2d 41, 42 (2d Cir. 1988) ("At least where in forma pauperis relief is granted, the action should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period.").

5

defendants within 120 days after the filing of the complaint. "The purpose of this Rule is to promote 'diligent prosecution of civil cases.'"[15] Complaints not served within the 120 day period must be dismissed, notwithstanding the expiration of the statute of limitations on the underlying claim.[16]

In the Second Circuit, "dismissal is mandatory when a party is not served within the 120-day time limit and where there is no showing of good cause."[17] It has long been recognized that "'[g]ood cause' or 'excusable neglect' is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control."[18] No such exceptional circumstances, such as a defendant's avoidance of service or active efforts to lull a plaintiff into believing that service has been accomplished,[19] apply to this action.

When service of process is challenged, the serving party bears the burden of proving validity of that service, or good cause to relieve it from its Rule 4(m) responsibility.[20] In order to ascertain good cause for a delay in service of process under Rule 4(m), courts have generally considered whether the plaintiff made reasonable efforts to serve the defendant, and

---

[15] Sunniland Fruit Co. v. PMI Produce Corp., Inc., No. 00 Civ. 8410, 2001 U.S. Dist. LEXIS 9359, *5 (S.D.N.Y. July 6, 2001) (quoting National Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170, 1994 U.S. Dist. LEXIS 11934, *3 (S.D.N.Y. Aug. 25, 1994)).

[16] See, e.g., Sunniland Fruit Co., 2001 U.S. Dist. LEXIS 9359 at **4-5; Ocasio, 86 F. Supp. 2d at 376-77.

[17] Ogbo v. New York State Dep't of Taxation & Finance, No. 99 Civ. 9387, 2000 U.S. Dist. LEXIS 12848, **7-8 (S.D.N.Y. Sept. 6, 2000).

[18] National Union Fire Ins. Co., 1994 U.S. Dist. LEXIS 11934 at **7-8.

[19] Id. at *8.

[20] Sunniland Fruit Co., 2001 U.S. Dist. LEXIS 9359 at *6.

whether the defendant was prejudiced by delay in service.[21] Good cause is not established by inadvertence or ignorance of the rules.[22] It is also well recognized that "while in some limited circumstances district courts may exercise their discretion and excuse improper service despite the absence of 'good cause,' a party's lack of diligence does not constitute such a circumstance."[23]

These principles are amply illustrated in National Union Fire Insurance Co. v. Sun. There, the plaintiff failed to serve the defendant within 120 days of removal of the action to federal court, and the defendant moved to dismiss. The District Court recognized that "[t]he aim of Rule 4(m)'s 120-day limit is to foster 'diligent prosecution of civil cases.'"[24] The plaintiff did not establish "good cause" or "excusable neglect" for its failure to serve the defendant in a timely manner. The fact that the plaintiff eventually served the defendant was of no consequence. The District Court held that "Rule 4(m) applies equally to defendants who were never served and defendants who were served after the 120-day period had elapsed."[25]

The District Court in National Union Fire Insurance Co. rejected the plaintiff's request that it exercise its discretion and apply Rule 4(m) with leniency in order to excuse its default, reasoning as follows:

> Passing for the moment whether [the plaintiff] could meet a standard of good cause or excusable neglect, it fails even to offer an explanation for its failure to timely serve [the

---

[21] Sunniland Fruit Co., 2001 U.S. Dist. LEXIS 9359 at *6; Rivera v. Warden of M.C.C., N.Y., No. 95 Civ. 3779, 2000 U.S. Dist. LEXIS 8212, *9 (S.D.N.Y. June 13, 2000).

[22] Zankel v. United States, 921 F.2d 432, 436 (2d Cir. 1990).

[23] El'Bey v. USPS, 03 CV 4081, 2005 U.S. Dist. LEXIS 26685, *6 (S.D.N.Y. Oct. 27, 2005).

[24] National Union Fire Ins. Co., 1994 U.S. Dist. LEXIS 11934 at *7 (quoting Tillman v. New York State Dep't of Health, 776 F. Supp. 841, 843 (S.D.N.Y. 1991), aff'd, 963 F.2d 1521 (2d Cir. 1992).

[25] National Union Fire Ins. Co., 1994 U.S. Dist. LEXIS 11934 at *9 (quoting Geiger v. Allen, 850 F. 2d 330, 332 (7th Cir. 1988)).

> defendant]. There is no allegation that [the defendant] avoided service, nor does plaintiff present other circumstances to show that service was difficult to effect. Concededly, it is hard to imagine what sort of argument plaintiff could credibly advance in that regard, since [the defendant], as a New York corporation, could easily have been served at any time simply by leaving process with the New York Secretary of State.[26]

The plaintiff's failure to make even a cursory attempt to serve the defendant negated any possibility that the District Court would exercise its discretion to allow late service. The Court also explained the following:

> In view of that fact, however, there is simply no basis to grant plaintiff's plea for leniency. For though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger.[27]

Therefore, the District Court declined to excuse the plaintiff's Rule 4(m) violation.[28]

Nor does the fact that Plaintiff is proceeding on a pro se basis relieve him of his responsibilities under Rule 4(m). "Ignorance of the law, even in the context of pro se litigants, does not constitute good cause [under Rule 4(m).]"[29] The law does not relieve pro se plaintiffs from their responsibility to follow the rules applicable to all federal court litigants, including those set forth in Rule 4(m). "It is a well-settled and often repeated principle that 'pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.'"[30]

---

[26] National Union Fire Ins. Co., 1994 U.S. Dist. LEXIS 11934 at **10-11.

[27] Id. at *11.

[28] Id.

[29] Charles v. New York Police Dep't, No. 96 Civ. 9757, 1999 U.S. Dist. LEXIS 14274, *20 (S.D.N.Y. Sept. 15, 1999).

[30] Rivera, 2000 U.S. Dist. LEXIS 8212 at *14 (quoting Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)).

Plaintiff did not serve TNT with the Complaint in the allotted 120 day period. Plaintiff's Complaint was filed on December 13, 2005. TNT was not served with the Summons and Complaint until May 16, 2006, 147 days thereafter. Likewise, he has not offered – and cannot establish – any good cause justifying his failure to serve TNT during the required 120 day service period. Nor has Plaintiff shown that TNT would not suffer prejudice. Indeed, TNT would be prejudiced if the Court allowed Plaintiff additional time to serve the Complaint. For the reasons stated in Point B, supra, the Complaint was already time barred when it was initially served outside of the applicable 120 day time period. As a result, Plaintiff's failure to make any reasonable attempt to serve Defendant is sufficient to preclude any possible extension under Rule 4(m).[31] Accordingly, Plaintiff's Complaint against TNT should be dismissed.

---

[31] Id.

## IV.

## **CONCLUSION**

For all of the foregoing reasons, Defendant TNT USA Inc. respectfully requests that the Court grant its motion to dismiss in all respects.

Dated: July 27, 2006  
       New York, New York

Respectfully submitted,

**KING PAGANO HARRISON**

By: _____*/s/ Ira M. Saxe*_____  
      Ira M. Saxe (IS-6051)

Stafford A. Woodley, Jr. (SW-0610)  
75 Rockefeller Plaza  
New York, NY  10019  
(212) 223-4000

Attorneys for Defendant TNT USA Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT to be served upon Plaintiff Ricky W. Griffin, by overnight courier and first class mail and addressed to:

> Ricky W. Griffin
> 2038 5th Ave., 126th Street, Apt #1R
> New York, New York 10035

*/s/ Ira M. Saxe*
Ira M. Saxe

23617